## Staunton.

### COLEMAN AND OTHERS v. WOOD AND OTHERS.

September 10, 1908.

Absent, Keith, P.

1. MARRIED WOMEN—*Power to Make a Will—Act of April 4, 1877.*—
Section 1 of the act of April 4, 1877 (Acts 1876-7, p. 333), known
as the Smith Act, declared that the property which a woman
thereafter marrying owned at the time of her marriage should be
her sole and separate property, but conferred no power of disposi-
tion by will. Section 2 of the same act declared that all property
thereafter acquired by any married woman, should be her sole and
separate estate, and expressly conferred the power of disposition
by will.

*Held:* As the power of disposition by will is expressly conferred in the
one case and is not mentioned in the other, a married woman has
no power to make a will disposing of property acquired as a sep-
arate estate under section 1 of said act. Section 2513 of the Code
which formerly allowed a married woman to make a will "for dis-
position of her separate estate" is not applicable to the case, in
view of the above statute.

Error to a judgment of the Circuit Court of Washington
county in an action of ejectment. Judgment for the plaintiffs.
Defendants assign error.

*Affirmed.*

The opinion states the case.

*John J. Stuart,* for the plaintiffs in error.

*L. P. Summers* and *White & Penn,* for the defendants in
error.

BUCHANAN, J., delivered the opinion of the court.

The only question involved in this case is whether or not Jane Coleman, under whom both the plaintiffs and defendants claim (the former as her devisees, and the latter as her heirs), had the power to dispose of the land in controversy by will.

The land in litigation was conveyed to Jane Wood (afterwards Mrs. Coleman) in the year 1868. She was married in February, in the year 1878, and died in the year 1899 (her husband surviving her), leaving a will dated in the year 1899.

Unless the effect of the act of April 4, 1877 (Acts 1876-7, p. 333), known as the Smith Act, was to give Mrs. Coleman the power to dispose of the property in question by will, she had no such power.

That act made radical changes in the law, but it did not do away with all the common law disabilities of married women as to their property.

The first section of the act provided, among other things, that the property, real and personal, which a woman thereafter marrying owned at the time of her marriage, and the rents, issues and profits thereof, shall not be subject to the disposal of her husband, nor liable for his debts, but shall be and continue her separate and sole property—that any such married woman shall have the power to contract in relation thereto, or for the disposal thereof, and may sue and be sued as if she were a *femme sole;* provided her husband shall join with her in any contract with reference to such real and personal property.

The second section declares, that all property, real and personal, thereafter acquired by any woman, by gift, grant, purchase, inheritance, devise or bequest, shall be and continue her sole and separate estate, subject to the provisions and limitations of the first section, although the marriage may have been solemnized previous to the passage of the act. It then expressly provides that she may devise and bequeath the property declared by that section to be her separate estate as if she

were an unmarried woman. There is no provision in the first section of the act authorizing her to devise or bequeath the property declared by that section to be her separate estate.

The fact that a married woman is expressly given the power to dispose of property by will, declared by the second section of the act to be her separate estate, and no such power is given in the first section as to the property therein declared to be her separate estate, would seem to indicate conclusively that the legislature intended that she should have the power in the one case and should not have it in the other. If her right of disposition by will in both cases was intended to be the same, no reasonable explanation has or can be given why the legislature expressly conferred the power as to the property declared to be her separate estate in the second section and failed to expressly confer the same power in the first section, or as to the property declared by that section to be her separate estate.

It may be that if the Smith Act had been silent as to the power of a married woman to devise or bequeath the property declared by that act to be her separate estate, it could be held by a liberal construction that the legal or statutory separate estate created by that act was separate estate within the meaning of section 2513 of the Code, and subject to her power of disposition by will. But the Smith Act not being silent, and expressly giving the power of disposition by will as to the property embraced in one section, and failing to give it as to the property embraced in the other, it must be held that Mrs. Coleman's power to make a will as to the property in controversy was governed by that act, and that she did not have the capacity to devise the property in controversy.

We are therefore of opinion that there is no error in the judgment complained of, and that it should be affirmed.

*Affirmed.*